**EXHIBIT A**

Case 1:21-cv-04315-RPK-JRC Document 1-1 Filed 08/02/21 Page 2 of 19 PageID #: 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.:

------------------------------------------------------------------X

KIM YOCHAI,

**SUMMONS**

Plaintiff designates Queens
County as the place of trial.

      Plaintiff,

The basis of venue is:
Deft place of business

   -against-

LOWE'S HOME CENTERS, LLC,

Deft place of business:
Rosedale, Queens

      Defendant.

------------------------------------------------------------------X

County of Queens

**TO THE DEFENDANT:**

   **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve
a copy of your answer or, if the complaint is not served with summons, to serve a notice of
appearance, on the Plaintiff's Attorney within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: Mineola, New York
   December 21, 2020

        SANDERS, SANDERS, BLOCK, WOYCIK,
        VIENER & GROSSMAN, P. C.

        *MARK R. BERNSTEIN, ESQ*

        _____
        BY: MARK R. BERNSTEIN, ESQ
        Attorneys for Plaintiff
        **KIM YOCHAI**
        100 Herricks Road
        Mineola, New York 11501
        (516) 741-5252

TO:  **LOWE'S HOME CENTERS, LLC**
    C/o Corporation Service Company
    80 State Street
    Albany, New York 12207-2543

Case 1:21-cv-04315-RPK-JRC   Document 1-1   Filed 08/02/21   Page 3 of 19 PageID #: 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
KIM YOCHAI,

                            Plaintiff,

                -against-

LOWE'S HOME CENTERS, LLC,

                        Defendant.

-------------------------------------------------------------------X

Index No.:

**COMPLAINT**

Plaintiff, by his attorneys, SANDERS, SANDERS, BLOCK, WOYCIK, VIENER & GROSSMAN, P. C., complaining of the defendant above named, respectfully alleges as follows:

FIRST: That at all the times hereinafter mentioned, plaintiff was and still is a resident of the County of Nassau, and State of New York.

SECOND: Upon information and belief, at all the times hereinafter mentioned, defendant, LOWE'S HOME CENTERS, LLC, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

THIRD: Upon information and belief, at all the times hereinafter mentioned, defendant, LOWE'S HOME CENTERS, LLC, was and still is a foreign corporation authorized to do business in the State of New York.

FOURTH: Upon information and belief, that at all the times hereinafter mentioned, defendant, LOWE'S HOME CENTERS, LLC, was and still is a limited liability company doing business in the State of New York.

FIFTH: That at all times mentioned, the defendant, LOWE'S HOME CENTERS, LLC, owned the premises located at 253-01 Rockaway Boulevard, Rosedale, NY 11422, County of Queens, State of New York (hereinafter "the premises").

SIXTH: That at all times herein mentioned, the defendant, LOWE'S HOME CENTERS, LLC, its agents, servants, employees and/or licensees, operated the aforesaid premises.

SEVENTH: That at all times mentioned, the defendant, LOWE'S HOME CENTERS, LLC, its agents, servants, employees and/or licensees, maintained the aforesaid premises.

Case 1:21-cv-04315-RPK-JRC   Document 1-1   Filed 08/02/21   Page 4 of 19 PageID #: 8

EIGHTH: That at all times mentioned, the defendant, LOWE'S HOME CENTERS, LLC, its agents, servants, employees and/or licensees, managed the aforesaid premises.

NINTH: That at all times herein mentioned, the defendant, LOWE'S HOME CENTERS, LLC, its agents, servants, employees and/or licensees, controlled the aforesaid premises.

TENTH: That at all times herein mentioned, the defendant, LOWE'S HOME CENTERS, LLC, its agents, servants, employees and/or licensees, repaired the aforesaid premises.

ELEVENTH: That at all times herein mentioned, the defendant, LOWE'S HOME CENTERS, LLC, its agents, servants, employees and/or licensees, supervised the aforesaid premises.

TWELFTH: That at all times herein mentioned, the defendant, LOWE'S HOME CENTERS, LLC, its agents, servants, employees and/or licensees, inspected the aforesaid premises.

THIRTEENTH: That at all times herein mentioned, the defendant, LOWE'S HOME CENTERS, LLC, its agents, servants, employees and/or licensees, leased from another entity and occupied the aforesaid premises.

FOURTEENTH: That at all times herein mentioned, the plaintiff, KIM YOCHAI, was legally and lawfully upon the premises as a patron of the defendant's business located at the premises.

FIFTEENTH: That on or about the 10th day of August, 2020, while the plaintiff was lawfully upon the aforementioned premises as a patron of the defendant's business located at the premises she slipped and fell due to a slipping hazard negligently created by the defendant, known to the defendant before the accident, and allowed to remain on the floor such that the defendant can be charged with constructive notice of said condition..

SIXTEENTH: That the occurrence at the aforesaid location was caused solely and wholly through the negligence of the defendant, its agents, servants, employees and/or licensees, further, in acting in a careless, reckless and wanton manner with disregard of patrons at the aforementioned premises; further, in failing maintain its premises in a reasonably safe condition, in permitting and allowing this plaintiff to enter the premises under dangerous and hazardous conditions; the defendant, its agents, servants, employees and/or licensees were negligent in the ownership, operation, maintenance, management, repair, inspection and control of the aforesaid premises, further, in allowing and permitting same to become and remain in a dangerous and defective condition; further, in causing and permitting a dangerous condition to exist and remain on the premises, defendant, its agents, servants, employees and/or licensees were negligent,

careless and reckless in failing to warn plaintiff of said dangerous condition; further, in failing to see that the aforesaid premises was properly maintained; further, in failing to oversee that persons who entered the premises were provided with a safe premises; further, in permitting the aforesaid to be and remain in a dangerous, hazardous, unsafe condition; defendant, its agents, servants, employees and/or licensees were negligent, careless and reckless in failing to provide a safe place of egress and ingress to and from the premises; further, in failing to observe, inspect and/or correct the aforesaid dangerous, hazardous condition; further, in failing to keep precautionary equipment to prevent the aforesaid occurrence; further, in failing to take proper precautions and safeguards to prevent the aforesaid occurrence; further, in failing to use the methods, customs and usage to prevent the happening of the accident; further, in causing, permitting and allowing plaintiff to enter the premises under dangerous and unsafe conditions; further, the defendant, its agents, servants, employees and/or licensees were negligent under the circumstances existing at the time of the occurrence, in failing to properly protect the plaintiff from the related risk to which she was exposed while at the premises causing her to sustain serious and severe injuries.

SEVENTEENTH: That plaintiff, KIM YOCHAI, was free from contributory negligence.

EIGHTEENTH: That prior to the aforementioned occurrence, the defendant knew or should have known of the aforementioned dangerous and defective condition.

NINETEENTH: That by reason of the premises as aforesaid, this plaintiff was rendered sick, sore, lame, and disabled and his injuries upon information and belief, are of a permanent character. That by reason thereof, she has been prevented from following her usual vocation and has been obliged to incur expense and obligations for medicines, medical care, attention and treatment, and he is informed, and he verily believes, that she will in the future be obliged to incur expense and obligation for medicines, medical care, attention, and treatment and continuous pain and suffering and be unable to follow her current vocation, all to her damage in an amount which exceeds the jurisdictional limits of all lower Courts.

Case 1:21-cv-04315-RPK-JRC   Document 1-1   Filed 08/02/21   Page 6 of 19 PageID #: 10

**WHEREFORE**, plaintiff prays for judgment against defendants, in an amount which exceeds the jurisdictional limits of all lower Courts and for the costs and disbursements incurred herein; and for such other, further and different reliefs as the Court deems just and proper.

Dated: Mineola, New York
      December 21, 2020

          Yours, etc.,

          SANDERS, SANDERS, BLOCK, WOYCIK,
          VIENER & GROSSMAN, P. C.

          *MARK R. BERNSTEIN, ESQ*

          _____

          BY: MARK R. BERNSTEIN, ESQ
          Attorneys for Plaintiff
          **KIM YOCHAI**
          100 Herricks Road
          Mineola, New York 11501
          (516) 741-5252

INDEX NO. 724775/2020

Index # **724775/2020**
Purchased/Filed: December 21, 2020
STATE OF New York
Court: Supreme
County/District: Queens

# AFFIDAVIT OF SERVICE

*Kim Yochai*

*vs*

*Lowe's Home Centers, LLC*

Plaintiff(s)/Petitioner(s)

Defendant(s)/Respondent(s)

STATE OF NEW YORK          COUNTY OF ALBANY

Christopher Warner , being duly sworn deposes and says deponent is not a party herein, is over the age of eighteen years and resides in the State of New York. That on December 30, 2020 at 11:55 am at c/o Corporation Service Company, 80 State St., Albany, NY 12207 deponent did serve the following :
*(Address where service was accomplished.)*

### E-Filed Summons & Complaint

on: **Lowe's Home Centers, LLC**

Defendant (herein called recipient) therein named. , SS.:

**#1 INDIVIDUAL** [ ] By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**#2 CORP.** [X] A corporation, by delivering thereat a true copy of each to Kathy Krieger-Jewell personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be Authorized Agent thereof.

Service was made in the following manner after your deponent was unable, with due diligence, to serve the defendant in person, including an effort to reach the defendant by telephone, (if such telephone number was available) and an attempt to locate the defendant's place of employment.

**#3 SUITABLE AGE PERSON** [ ] By delivering a true copy of each to _____ a person of suitable age and discretion who agreed to accept on behalf of the party.. Said premises is recipient's: [ ] dwelling house (usual place of abode). [ ] actual place of business

**#4 AFFIXING TO DOOR** [ ] By affixing a true copy of each to the door of said premises, which is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

**#5 MAILING COPY** [ ] On _____ deponent completed service under the last two sections by depositing a copy of the above listed documents to the above address in a First Class postpaid properly addressed plain envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

The outside of the envelope did not include a return address or indicate that the communication was from an attorney. Deponent called at the aforementioned address on the following dates and times:

on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

**#6 DESCRIPTION** [X] A description of the person served is as follows:
(use with #1, 2 or 3) Sex _Female_ Color of skin _White_ Hair _Gray_ Approx.Age _51 - 65 Yrs._ Approx.Height _5' 4" - 5' 8"_ Approx. weight _131 - 160 Lbs._ Other _____

**#7 WIT. FEES** $ _____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.

**#8 NON MIL** [X] To the best of my knowledge and belief, said person was not presently in military service of the United States Government or on active duty in the military service in the State of New York at the time of service.

Sworn to before me on this
31st day of December 2020

_____
Notary Public
YVONNE STRAIN
NOTARY PUBLIC, State of New York
01ST6314054, Schenectady
Commission Expires November 3, 2022

_____
Christopher Warner
**Invoice·Work Order #  2040372**
Attorney File #  **2029617**

INDEX NO. 724775/2020
Case 1:21-cv-04315-RPK-JRC   Document 1-1   Filed 08/02/21   Page 8 of 19 PageID #: 12

STATE OF NEW YORK
SUPREME COURT : COUNTY OF QUEENS

KIM YOCHAI,

                                        Plaintiff,          **ANSWER**

v.

LOWE'S HOME CENTERS, LLC,                     Index No.: 724775/2020

                                        Defendant.

Defendant, Lowe's Home Centers, LLC ("Lowe's"), by its attorneys, Goldberg Segalla LLP, responds as follows for its Answer to the Plaintiff's Complaint, upon information and belief:

1.      Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint.

2.      Lowe's denies the allegations contained in paragraph 2 of the Complaint.

3.      Lowe's denies the allegations contained in paragraph 3 of the Complaint.

4.      In response to paragraph 4 of the Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies any remaining allegations contained in paragraph 4 of the Complaint.

5.      Lowe's denies the allegations contained in paragraph 5 of the Complaint.

6.      In response to paragraph 6 of the Complaint, Lowe's admits only that it operated a retail home improvement store at the premises located at 253-01 Rockaway Boulevard, Rosedale, New York 11422, and denies any remaining allegations contained in paragraph 6 of the Complaint.

7.      Lowe's denies the allegations contained in paragraph 7 of the Complaint.

1

INDEX NO. 724775/2020
RECEIVED NYSCEF: 01/19/2021

Case 1:21-cv-04315-RPK-JRC  Document 1-1  Filed 08/02/21  Page 9 of 19 PageID #: 13

8.      Lowe's denies the allegations contained in paragraph 8 of the Complaint.

9.      Lowe's denies the allegations contained in paragraph 9 of the Complaint.

10.     Lowe's denies the allegations contained in paragraph 10 of the Complaint.

11.     Lowe's denies the allegations contained in paragraph 11 of the Complaint.

12.     Lowe's denies the allegations contained in paragraph 12 of the Complaint.

13.     In response to paragraph 13 of the Complaint, Lowe's admits that it leased the premises located at 253-01 Rockaway Boulevard, Rosedale, New York 11422 for the purposes of operating a retail home improvement store, and denies any remaining allegations contained in paragraph 13 of the Complaint.

14.     Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint.

15.     Lowe's denies the allegations contained in paragraph 15 of the Complaint.

16.     Lowe's denies the allegations contained in paragraph 16 of the Complaint.

17.     Lowe's denies the allegations contained in paragraph 17 of the Complaint.

18.     Lowe's denies the allegations contained in paragraph 18 of the Complaint.

19.     Lowe's denies the allegations contained in paragraph 19 of the Complaint.

20.     Lowe's denies each and every other allegation of the Complaint not previously admitted, denied, or otherwise controverted.

**AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

21.     The injuries and/or damages alleged in the Complaint were caused in whole or in part by the culpable conduct, want of care and assumption of risk on the part of the Plaintiff, and without negligence, fault, or want of care on the part of Lowe's.

2

28682392.v1

Case 1:21-cv-04315-RPK-JRC   Document 1-1   Filed 08/02/21   Page 10 of 19 PageID #: 14

**AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

22.     If Lowe's is found liable to the Plaintiff, its responsibility for the accident is less
than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any
recovery by the Plaintiff for non-economic loss against Lowe's should be limited to its
percentage of liability.

**AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE,
LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

23.     The Complaint fails to state a cause of action against Lowe's.

**AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

24.     The Plaintiff's injuries, if any, were caused in whole or in part by a person or
persons who are not within the control of Lowe's.

**AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE,
LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

25.     That pursuant to CPLR §4545 and other applicable sections of the CPLR, Lowe's
is entitled to a set off against the amount of any verdict of any monies collected from a collateral
source of payment as set forth in said law.

**AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE,
LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

26.     Plaintiff failed to mitigate her alleged damages.

**AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

27.     The underlying incident and alleged resulting injuries were not proximately
caused by any action or inaction of Lowe's.

3

28682392.v1

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

28.     All risks and dangers at the time and place set forth as the location of the happening of the incident as alleged in the Complaint were open, obvious, and apparent.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

29.     In the event the Plaintiff seeks to recover a verdict or judgment against Lowe's, then said verdict or judgment must exclude or be reduced by those amounts which have been, or will with reasonable certainty replace or indemnify the Plaintiff, in whole or in part, for any past or future medical costs, health care, life care, or other economic loss or the benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

30.     There may be documentary evidence exists which establishes a complete defense to this action.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

31.     Plaintiff was the sole proximate cause of her injuries.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

32.     If the Plaintiff receives or has received sums of money in settlement of the claims asserted herein, Lowe's is entitled to the protection, provisions, and limitations of Section 15-108 of the General Obligations Law of the State of New York in reducing the claim of the Plaintiff against Lowe's by the amount stipulated in the Release, the amount of consideration paid for it or the amount of the released defendants' equitable share of the damages, whichever is greatest.

4

28682392.v1

Case 1:21-cv-04315-RPK-JRC   Document 1-1   Filed 08/02/21   Page 12 of 19 PageID #: 16

## AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

33.     Plaintiff's alleged injuries pre-dated the alleged incident.

## AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

34.     Lowe's reserves the right to amend this Answer and to add any applicable affirmative defenses after it has had the opportunity to discovery all facts relevant to this action.

**WHEREFORE**, Lowe's demands judgment as follows:

a.      Dismissing Plaintiff's Complaint, or

b.      Reducing Plaintiff's recovery in the proportion to which the Plaintiff's culpable conduct, assumption of risk, and want of care bears to the culpable conduct which caused the Plaintiff's damages;

c.       Limiting Plaintiff's recovery for non-economic loss against Lowe's to the percentage of responsibility attributed to Lowe's, if that percentage is less than fifty-one percent (51%), and

d.      Such other and further relief as to this Court may seem just, proper, and equitable together with the costs and disbursements of this action.

Dated:       Buffalo, New York
             January 19, 2020

                                    GOLDBERG SEGALLA LLP

                                    Kenneth L. Bostick, Jr., Esq.
                                    *Attorney for Defendant*
                                    *Lowe's Home Centers, LLC*
                                    665 Main Street
                                    Buffalo, New York 14203
                                    (716) 566-5400
                                    kbostick@goldbergsegalla.com

5

Case 1:21-cv-04315-RPK-JRC   Document 1-1   Filed 08/02/21   Page 13 of 19 PageID #: 17

TO:    Mark R. Bernstein, Esq.
          Sanders, Sanders, Block, Woycik,
          Veiner & Grossman, P.C.
          *Attorneys for Plaintiffs*
          100 Herricks Road
          Mineola, New York 11501
          (516) 741-5252

6

28682392.v1

Case 1:21-cv-04315-RPK-JRC Document 1-1 Filed 08/02/21 Page 14 of 19 PageID #: 18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X

KIM YOCHAI,

                                Plaintiff,

               -against-

LOWE'S HOME CENTERS, LLC,

                             Defendant.

------------------------------------------------------------------X

Index No.: 724775/2020

**REQUEST FOR
PRELIMINARY
CONFERENCE**

The undersigned requests a preliminary conference.

The nature of the action is a General Negligence Tort.

The names, addresses and telephone numbers of all attorneys appearing in the action are as
follows:

| | |
|---|---|
| SANDERS, SANDERS, BLOCK, WOYCIK, VIENER & GROSSMAN, P.C.<br>Attorneys for Plaintiff<br>100 Garden City Plaza, Suite 500<br>Garden City, New York 11530<br>(516) 741-5252 | GOLDBERG SEGALLA LLP<br>Attorneys for Defendant<br>**LOWE'S HOME CENTERS, LLC**<br>665 Main Street<br>Buffalo, New York 14203<br>(716) 566-5400 |

Dated: Garden City, New York
        June 2, 2021

Yours, etc.,

                  SANDERS, SANDERS, BLOCK, WOYCIK,
                  VIENER & GROSSMAN, P.C.

                  BY: MARK R. BERNSTEIN, ESQ.
                  Attorneys for Plaintiff
                  **KIM YOCHAI**
                  100 Garden City Plaza, Suite 500
                  Garden City, New York 11530
                  (516) 741-5252
                  **FILE #:** <u>SSBW-TRIP & F-66581</u>

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 07/29/2019)

**SUPREME** COURT, COUNTY OF **QUEENS**

Index No: __724775/2020__    Date Index Issued: __12/21/2020__

For Court Use Only:

IAS Entry Date

## CAPTION    Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

KIM YOCHAI,

Plaintiff(s)/Petitioner(s)

-against-

LOWE'S HOME CENTERS, LLC,

Judge Assigned

RJI Filed Date

Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING    Check only one box and specify where indicated.

**COMMERCIAL**
- ○ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ○ Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (specify):_____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**REAL PROPERTY**    Specify how many properties the application includes: _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify):   ○ Residential   ○ Commercial
  Property Address:_____
  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ○ Tax Certiorari
- ○ Tax Foreclosure
- ○ Other Real Property (specify):_____

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution    [see NOTE in COMMERCIAL section]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (specify):_____

**MATRIMONIAL**
- ○ Contested
  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**TORTS**
- ○ Asbestos
- ○ Child Victims Act
- ○ Environmental (specify):_____
- ○ Medical, Dental or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability (specify):_____
- ◉ Other Negligence (specify):  General Negligence
- ○ Other Professional Malpractice (specify):_____
- ○ Other Tort (specify):_____

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration) [see NOTE in COMMERCIAL section]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (specify):_____
- ○ Other Special Proceeding (specify):_____

## STATUS OF ACTION OR PROCEEDING    Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ◉ | ○ | If yes, date filed: __12/21/2020__ |
| Has a summons and complaint or summons with notice been served? | ◉ | ○ | If yes, date served: __12/30/2020__ |
| Is this action/proceeding being filed post-judgment? | ○ | ◉ | If yes, judgment date: _____ |

## NATURE OF JUDICIAL INTERVENTION    Check one box only and enter additional information where indicated.

- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ○ Notice of Motion    Relief Requested: _____    Return Date: _____
- ○ Notice of Petition    Relief Requested: _____    Return Date: _____
- ○ Order to Show Cause    Relief Requested: _____    Return Date: _____
- ○ Other Ex Parte Application    Relief Requested: _____
- ○ Poor Person Application
- ◉ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify):_____

1 of 2

## RELATED CASES

List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank.
If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A).

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## PARTIES

For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided.
If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A).

| Un-Rep | Parties: List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants: For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined: For each defendant, indicate if issue has been joined. | Insurance Carriers: For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: KIM YOCHAI Role(s): Plaintiff | SANDERS, SANDERS, BLOCK, WOYCIK, VIENER & GROSSMAN, P.C., 100 Garden City Plaza, Suite 500, Garden City, New York 11530; (516) 741-5252 | ○ YES  ○ NO | |
| ☐ | Name: LOWE'S HOME CENTERS, LLC Role(s): Defendant | GOLDBERG SEGALLA LLP, 665 Main Street, Buffalo, New York 14203; (716) 566-5400 | ● YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |
| ☐ | Name: Role(s): | | ○ YES  ○ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: _____06/02/2021_____

_____
Signature

_____2462968_____
Attorney Registration Number

_____
Mark R. Bernstein, Esq.
Print Name

Case 1:21-cv-04315-RPK-JRC   Document 1-1   Filed 08/02/21   Page 17 of 19 PageID #: 21

PC  06/23/2021

CC  09/22/2021

## SUPREME COURT OF THE STATE OF NEW YORK
## QUEENS COUNTY – CIVIL TERM
## PRELIMINARY CONFERENCE PART

PRESENT: HON. MOJGAN C. LANCMAN
-------------------------------------------------------------------x

YOCHAI, KIM

Plaintiff(s),

- against -

LOWE'S HOME CENTERS, LLC

Defendant(s).
-------------------------------------------------------------------x

**Preliminary Conference Order**

Index Number:  724775/2020

Date RJI Filed:  06/02/2021

A request for a Preliminary Conference having been filed, or the Court having acted on its own initiative pursuant to 22 NYCRR §202.12(j), it is hereby:

ORDERED that disclosure shall proceed as follows:

(1) **Insurance Coverage**:

(a) If not yet done, defendant(s); shall disclose in writing the existence and contents of any insurance agreement**,** including umbrella or excess coverage, as described in CPLR §3101(f) within 45 days of this Order;
(b) Plaintiff shall disclose any Uninsured Motorist/Supplemental Uninsured Motorist coverage within 45 days of this Order.

(2) **Bill of Particulars/Interrogatories**:
(a) If not already served, a demand for a Bill of Particulars or Interrogatories shall be served by defendant(s) on or before [ 07/14/2021 ].
(b) A Bill of Particulars or Interrogatories shall be served on or before [ 08/04/2021 ].
(c) If an affirmative defense or counterclaim is asserted, a Demand for a Bill of Particulars or Interrogatories shall be served by plaintiff on [ 07/14/2021 ]. A response to such demand shall be served on [ 08/04/2021 ].

(3) **Medical Report(s), Record(s) and Authorization(s)**: On or before **sixty (60)** days from the date hereof, a duly executed written authorization(s) shall be furnished by plaintiff, if applicable, for the following:
(a) Physician, and/or hospital, pharmacy and/or autopsy records;
(b) Employment and/or attendance records for the period two years prior to and one year after the date of the occurrence/accident;
(c) No-fault file;
(d) Diagnostic tests and films;
(e) Collateral source authorizations / workers comp records;
(f) W2 and/or tax return records for self-employed individuals (if there is a loss of wages claim) for the period of two years prior to and one year after the date of the occurrence/accident.

Case 1:21-cv-04315-RPK-JRC   Document 1-1   Filed 08/02/21   Page 18 of 19 PageID #: 22

**(4) Physical Examinations:**

      (a) Examination(s) of plaintiff shall be noticed within twenty days of the completion of the Plaintiff's deposition and held within sixty days of the service of the notice.

      (b) Pursuant to 22 NYCRR §202.17(b), at least **twenty (20)** days before such examination, plaintiff shall serve upon all other parties copies of the medical reports of those physicians who have previously treated or examined him/her.

      (c) A copy of the examining physician's report shall be furnished to all parties within **forty-five (45)** days of the examination.

**(5) Depositions:**

      (a) Examinations before trial for all parties/non-parties shall be conducted remotely at a mutually convenient time, or, if so agreed by the parties, in person at a mutually agreed location and time, within Ninety **(90)** days of this order. The parties shall produce all relevant books, papers, records, and other material for use at the deposition.  The parties shall designate, in writing, at least ten (10) days prior to the examination before trial,  any specific material which is necessary for use at the deposition.

      (b) Unless otherwise directed prior to the examinations before trial, attorneys seeking rulings on objections or making application for any other relief pertaining to the depositions shall virtually communicate with the Preliminary Conference Justice, for a determination.

      (c) Once begun, a deposition shall continue until completed and shall not be adjourned without further order of the Court.

      (d) The transcript of an examination before trial shall be delivered to the party deposed within thirty (30) days of the deposition, and shall be returned, duly executed, pursuant to CPLR § 3116.

      (e) Subpoenas for the examination before trial of any non-party witness shall be served no later than **45 days** after the completion of party depositions, provided such witness is known by completion of party depositions, and if not known at that time, within **45 days** of first disclosure or identification of such witness or within the discretion of the Court.

      (f) Defendant's right to a further deposition of plaintiff is reserved as to any new injuries or damages claimed in any supplemental Bill of Particulars served by plaintiff following the plaintiff's deposition.

      (g) **Any deposition which is not held as scheduled in this Order must be promptly rescheduled for a date which is not later than 30 days after the original date.  Only one such adjournment is permitted without further Court approval**.

**(6) Other Disclosure:**

      (a) Within **ninety (90)** days from the date hereof, all parties shall exchange names and addresses of all witnesses, and shall exchange statements of opposing parties and photographs, or, if none, shall provide an affirmation to that effect.

      (b) All parties shall exchange information relating to expert witnesses in compliance with CPLR §3101(d)(i).

      (c) Medicare Liens: If plaintiff is a medicare recipient or eligible, plaintiff shall, within **ninety (90)** days, provide defendant(s) with the details of said lien(s), or if unknown, copies of correspondence to Medicare, evidencing plaintiff's efforts to determine the outstanding claim against said plaintiff/beneficiary, should one exist.

      (d) Additional Disclosure Issues: the parties shall produce the following within **forty-five (45)** days, if applicable:

            (1) Maintenance and repair records for (2) two years prior to and including the date of the occurrence.

            (2) Contracts and all related contract documents (i.e. Progress Reports) for two years prior to and including the date of the occurrence.

      (e) Demands for documents shall be served within **30 days** and shall be responded to within **30 days** from service.

Case 1:21-cv-04315-RPK-JRC   Document 1-1   Filed 08/02/21   Page 19 of 19 PageID #: 23

(7) **Impleader**: All third-party actions shall be commenced within **sixty (60)** days of the last deposition. Joinder of a third-party action beyond this date without leave of Court may result in a severance.

(8) **Compliance Conference**:

(a) Unless a Note of Issue/Certificate of Readiness shall have been filed prior thereto, counsel for all parties shall submit a Compliance Conference Stipulation and Order by email to the **Compliance Conference/Settlement Part on** [ 09/22/2021 ]. The Order can be found on the Court's website or by clicking here: https://www.nycourts.gov/LegacyPDFS/COURTS/11jd/supreme.civilterm/bar_notice.pdf

(b) Filing of a Note of Issue prior to the Compliance Conference must include a written stipulation fully executed by all parties acknowledging that all discovery has been completed. Failure to comply with this provision will result in vacatur of the prematurely filed Note of Issue**.**

(c) Copies of medical reports and pleadings shall be available for review at the Compliance Conference and appearing attorneys must be knowledgeable about the case and be prepared to discuss settlement at that time.

(9) **ADR**: Parties are encouraged to utilize Alternative Dispute Resolution to resolve the action as early and as efficiently as possible. Information regarding ADR can be found **HERE** and by contacting Linda Dardis, Esq., ADR Coordinator, at ldardis@nycourts.gov.

(10) **Summary Jury Trials**: Parties are encouraged to consider a summary jury trial and shall notify the Court within Ninety **(90)** days from the date hereof, if a Summary Jury Trial is requested.

(11) **Motions for Summary Judgment**: Pursuant to CPLR Rule 3212(a), any motion for summary judgment shall be made within **one hundred twenty (120)** days of the filing of the Note of Issue absent the I.A. Judge's Part Rules to the contrary or further Order of the court. **Motions made before the filing of the Note of Issue do not stay discovery.**

(12) **Stipulations of settlement or discontinuance** are to be filed by defendant, pursuant to 22 NYCRR 202.28, with the County Clerk, within **twenty (20)** days of such discontinuance. A copy of the stipulation shall also be emailed to the I.A. Part.

(13) **Trial Authorizations**: Properly executed HIPPA-compliant authorizations shall be served on all defendants by plaintiff within ninety (90) days of the filing of the Note of Issue.

No discovery motion shall be made without a good faith attempt by the parties to resolve the dispute. If the dispute is not resolved, the party seeking discovery shall request a virtual conference with the Preliminary Conference Part. If the conference does not resolve the dispute, a motion may be filed. An Affirmation from the movant that a good faith effort was made to resolve the discovery dispute and that a conference with the Preliminary Conference Part was requested and held or denied, **must** accompany the motion.

**Absent good cause, non-compliance with this Order, including the failure to raise discovery problems in advance of deadlines, may result in the imposition of penalties upon the offending party and, where warranted, upon counsel. Such penalties may include waiver of the discovery, preclusion, dismissal, striking of a pleading, costs, sanctions and attorney's fees and it is further;**

**ORDERED that except for Paragraph 5(g) set forth above, the dates in this Order may not be extended without advance approval by the Court. Stipulations, unless 'So Ordered' by the Court, will not be honored.**

SO ORDERED:

Date: 06/23/2021

**MOJGAN COHANIM LANCMAN, J.S.C.**

3 of 3